JOHNSON, J.,
dissents in- part with reasons.
lil, respectfully, dissent from the majority opinion on the issue of Letress Washington’s entitlement to supplement earnings benefits (“SEBs”). After considering the record for this case in its entirety, I conclude the majority opinion failed to apply the appellate review standard properly for that assignment of error.
In this matter, Ms. Washington had retired at the age of 62 in 2010. After being bored with- retirement, Ms. Washington applied for 'a position with Louisiana A-I Gaming (hereinafter referred to as “Boom-town”) and was hired as a cook on March 23, 2013. On May 6, 2013, Ms. Washington slipped on the job and was sent by Boomtown to West Jefferson Medical Center. She was diagnosed ¡with having a contusion of the hand and a lumbar strain. She was released to full duty and returned to work. Ms. Washington sought a second opinion from Dr. D. Allen. Brown. Dr. Brown gave her a doctor’s excuse stating, “Due to recent low back injury[,] Ms. Washington should not lift more than 15 lbs until 5/13/13.” Although Ms. Washington had a doctor’s excuse, she did not notify Boomtown of her work restriction subsequent to the May 5 accident.
Toward the end of June 2013, Ms. Washington gave her two week notice that she was resigning. On July 6, 2013, Ms. Washington- fell a second time during the course arid scope of her employment. Boomtown ^completed an incident report for the accident, and Ms. Washington opted to go home instead of the hospital.
On July 10, 2013, four days after the accident, Ms. Washington filed a 1008 claim with the Office of Workers’ Compensation (“OWC”). Boomtown received notice of Ms. Washington’s workers compensation claim on July 12, 2013. Following receipt of the notice of Ms. Washington’s claim, Boomtown did not pay any benefits or medical bills, and it did not offer her any vocational rehabilitation.
After a trial on the merits, OWC awarded Ms.' Washington SEBs for 104 weeks, medical benefits, penalties and attorney’s *25 fees. No reasons for judgment were requested. The instant appeal followed.
Factual determinations in a worker’s compensation case, including whether the employee has discharged her burden of proof, are subject to the manifest error or clearly wrong standard of appellate review. Wilson v. Metro. Dev. Ctr., 12-487 (La.App. 5 Cir. 3/13/13); 113 So.3d 261, 266. Under this standard,' an appellate court may only reverse a worker’s compensation judge’s factual findings if it finds from the record that a reasonable factual basis for the finding does not exist, or that examination of the entire record reveals that the finding is clearly erroneous. ■ Id. The court of appeal may not reverse the findings of the trial court even when convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Whetstone v. Jefferson Parish Sch. Bd., 12-639 (La.App. 5 Cir. 5/30/13); 117 So.3d 566, 569.
The purpose of supplemental earnings benefits is to compensate the injured employee for the wage earning capacity he/ she has lost as a result of an accident. Poissenot v. St. Bernard Parish Sheriff’s Office, 09-2793 (La.1/9/11); 56 So.3d 170, 174. In order to recover supplemental earnings | ¿benefits, the employee must first prove by a preponderance of the evidence that she is unable to earn wages equal to ninety percent (90%) or more of the wages earned before the accident. Wilson, supra. In determining if an injured employee has met her initial burden of proving entitlement to supplemental earnings benefits, the reviewing court must examine all evidence that bears upon the employee’s inability to earn 90% or more of her pre-injury wages. Id. Factors that have been considered in determining whether an employee can earn 90% of her pre-injury wage include the employee’s age, education, job skills and work history. Tynes v. Gaylord Container Corp., 02-0519 (La.App. 1 Cir. 2/14/03); 844 So.2d 80, 86. An, injured worker’s testimony that she is no longer able to return to her pre-injury employment, without more, is insufficient to prove entitlement to supplemental earnings benefits. Wilson, supra.
At the trial on the merits, it was established that Ms. Washington was 65 years old and had worked as a cook for over- 30 years. On direct examination, Ms. Washington testified that after falling the second time at Boomtown, she wanted to retire without working anymore. She stated that Dr. Alden could not complete his evaluation because Boomtown refused - to, authorize the payment for an MRI. In support of her disability claim, Ms. Washington offered doctors’ reports into evidence explaining her work restrictions and the requests for MRIs. In particular, Dr. F. Allen Johnston, an orthopedic surgeon, reported i in November 2013 that Ms. Washington was unable to work as a cook, and that, he ordered MRIs to determine whether to suggest interventional injections.
After review of the evidence presented to the OWC, pursuant to the manifest error standard, I cannot find the trial court -was manifestly erroneous in its finding that Ms. Washington met her burden of proving she was unable to earn wages equal to 90% or more of the wages she earned before the July 6, 2013 accident. Because Boomtown did not approve the MRI requests, Ms. Washington was limited in the medical evidence that she could present. However, Ms. Washington set forth evidence that she was 65 years old, worked for over 30 years as a cook, and had a doctor’s report stating that she could not work as a cook. According to Tynes, those are factors that can be considered in determining whether Ms. Washington met her burden of proof.
*26 From the factors mentioned above, I believe Ms. Washington proved by a preponderance of the evidence that she could not earn 90% or more of her pre-injury wages. Thus, the burden shifted to Boom-town to prove that Ms. Washington was physically able to perform a certain job, and that a job was offered to her or was available in her community or reasonable geographic location. See, La. R.S. 23:1221(3)(c)(i). Boomtown did not present any of the required information to the OWC; consequently, it failed to meet its burden.
The majority opinion completely ignores the manifest error standard of review and is reweighing the evidence differently on appeal, despite its jurisprudential prohibition to do so. See, Whetstone, supra. The majority opinion fails to acknowledge the validity of Ms. Washington’s properly admitted evidence. The majority opinion also improperly shifts the burden to Ms. Washington to prove that she was physically able to work another job, which is not the procedure set forth in La. R.S. 23:1221(3)(c)(i). It is irrelevant in this matter that Jeannine Richert, the Risk and Safety Manager at Boomtown, testified that Boomtown had a bank of light duty positions throughout the casino. Ms. Richert also testified that she did not contact Ms. Washington in any manner following the second accident. So, due to Ms. | sRichert’s and Boomtown’s failure to contact Ms. Washington after the July 6th accident, none of the available light duty positions were ever offered to Ms. Washington.
From my review of the entirety of the record, I am of the opinion that there was a reasonable basis factual basis for the OWC’s award of SEBs to Ms. Washington. Therefore, for the above stated reasons, I dissent from the majority opinion and would affirm the OWC on this issue. In all other respects, I agree with the majority opinion.